***********
In accordance with the directives of the North Carolina Court of Appeals and upon review of the competent evidence of record, the Full Commission enters the following amended Opinion and Award.
 ***********
Based on the evidence of record, and in accordance with the directives of the Court of Appeals, the Full Commission finds as follows
 FINDINGS OF FACT
1. The Full Commission Opinion and Award dated September 10, 2001 is incorporated herein by reference and is amended as hereinafter indicated.
2. On June 13, 2001 the Full Commission originally heard this matter on cross appeal. Both parties also appealed this matter to the Court of Appeals.
3. Based on the evidence of record the Full Commission previously found in Finding of Fact 19 in the Opinion and Award filed September 10, 2001 that defendant-employer has paid without contributions from plaintiff for the long-term disability benefits until his 65th birthday.
4. Subsequent to the filing of this Opinion and Award, plaintiff filed a Motion for Reconsideration and Amendment of the Opinion and Award and submitted an affidavit of J. Marshall Barnes III, Deputy Director of the Retirement Systems Division in the Department of the State Treasurer for the State of North Carolina. This affidavit contradicted the only evidence of record regarding contributions to plaintiff's disability retirement plan. Plaintiff had not previously made an effort to obtain Mr. Barnes' or any other contradicting testimony. Consequently, the majority of the Full Commission denied plaintiff's motion.
5. The Court of Appeals has now directed the Full Commission to reopen the record and receive additional testimony. The depositions are now a part of the record.
6. Thus, after considering the additional depositions of Mr. Barnes and Mr. Case, the Full Commission finds that the disability retirement allowance benefits that were paid to plaintiff beginning in October 1999 through the Local Governmental Employees' Retirement System (a defined benefit plan), were not fully funded by defendant-employer, as the program is a joint contributory program whereby the employee is required to contribute six percent of pay for the benefits as his cost.
7. Findings of Fact 20 in the prior Opinion and Award was based on plaintiff's mathematical error. Plaintiff's correct average weekly wage is $570.95 and the compensation rate is $380.65. These figures are determined by taking plaintiff's total earnings of $28,295.09, together with the longevity bonus of $600.29 and the overtime adjustment for longevity of $57.64 for a total of $28,953.02. This total gross earnings amount is then divided by 50.71 (52 weeks less 1.29 weeks, a period of lost time exceeding seven consecutive days).
8. The Full Commission previously found plaintiff not to be entitled to attorney fees pursuant to N.C. Gen. Stat. § 97-88.1. The Full Commission also finds, in its discretion, that plaintiff is not entitled to attorney fees pursuant to N.C. Gen. Stat. §97-88.
 ***********
Based upon the foregoing stipulations and findings of fact, and in accordance with the directives of the Court of Appeals, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Conclusions of Law Numbers 2 and 5 as well as Award Number 1 are corrected to conclude that defendant-employer is not entitled to a credit for benefits paid beginning in October, 1999 and to be paid pursuant to a disability retirement plan to which the defendant-employer and employee jointly contributed.
2. Conclusions of Law Numbers 2 and 4 as well as Award Number 1 are corrected to reflect plaintiff's average weekly wage of $570.95 and his compensation rate of $380.65.
3. Conclusions of Law Number 6 should also include the conclusion that plaintiff is not entitled to attorney fees pursuant to N.C. Gen. Stat. § 97-88.
4. As is routine in cases in the same posture as this one, plaintiff is entitled to 8% interest from the date of the original hearing on May 25, 2000 on the sum due as of the date of payment, said sum not to be subject to attorney fees. N.C. Gen. Stat. § 97-86.2.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
Except for the corrections to Award Number 1 indicated above, the previous Award section stands as written.
This the 24th day of March 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DCS/mb